**Opinion issued June 11, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-24-00804-CV**

_____

**KAMESHA EDWARDS, Appellant**

**V.**

**HAVEN AT MAIN, Appellee**

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1224069**

**MEMORANDUM OPINION**

Kamesha Edwards appeals from a judgment of eviction that granted Haven at Main a writ of possession. On appeal, she argues that the landlord failed to properly serve her with notice to vacate because the notice was placed in the crack

of the door rather than affixed to the inside of the door as required by Texas Property Code § 24.005. At trial, the assistant community manager for Haven at Main testified that on December 4, 2023, he slid the notice under the door so that no part of it was outside the apartment, as was his practice when he could not gain entry to the apartment or a pet was present. Edwards testified that she only received a notice about ten days before trial in February, and then it was tucked into "the crack of my door." The assistant community manager testified that the constable served a notice shortly before trial that Edwards may have received, but notices to vacate were posted on the 4th of every month. The trial court admitted Edwards's lease, which had an end date of March 25, 2024, and a copy of the December 4, 2023 notice to vacate.

In this Court, Edwards has represented her home address as a location in Spring, Texas, not the address on her lease agreement with Haven at Main.[*] Edwards presented no evidence or argument either at trial or on appeal that she has a present right to possession of the apartment she rented from Haven at Main.

This Court lacks jurisdiction to decide a moot controversy. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). "A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no

---

[*] Haven at Main did not file a brief in this appeal.

2

longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion." *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021).

"A suit may become moot at any time, including on appeal." *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). As a result, "courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). "When events that occur after a judgment render the issue before this Court moot, we may not decide the appeal." *Cappadonna Elec. Mgmt. v. Cameron Cnty.*, 180 S.W.3d 364, 375 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.). Instead, we dismiss the case. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785, 790 (Tex. 2006).

Under settled and binding Texas law, when a tenant is evicted from the property (and thus no longer possesses the property), an appeal from a forcible detainer action becomes moot unless the tenant asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Id.* at 787 (citing *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)).

Here, Edwards has represented in her Appellant's Brief that she lives in Spring, and in a request for a Zoom hearing that she now lives in the Dallas area,

not in the Haven at Main apartment. She has not asserted "a potentially meritorious claim of right to current, actual possession" of the property. *See id.* Accordingly, we lack jurisdiction to consider her challenge to the county court's judgment. *See Harper*, 562 S.W.3d at 6.

We vacate the county court's judgment of possession and dismiss the appeal as moot. *See Heckman*, 369 S.W.3d at 162 ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction."); *Marshall*, 198 S.W.3d at 788 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded.").

Our disposition does not, however, affect the underlying judgment for past due rent fees, which Edwards conceded she owed at trial, and for attorney's fees. Edwards challenged neither on appeal, and Haven at Main retains a legally cognizable interest both. *Cf. Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome.").

All pending motions are dismissed as moot.


                                    Justice Susanna Dokupil

Panel consists of Rivas-Molloy, Johnson, and Dokupil.